IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYHSEED DAVIS,<br>    Plaintiff<br><br>v.<br><br>UNITED STATES-<br>EASTERN DISTRICT<br>OF PENNSYLVANIA<br>OFFICE OF CLERK,<br>UNITED STATES<br>DISTRICT COURT, *et al.*,<br>    Defendants | CIVIL ACTION NO. 22-CV-4608 |

## MEMORANDUM

**PRATTER, J.**                                                                                        FEBRUARY 15, 2023

      Plaintiff Tysheed Davis, an inmate currently housed at SCI Dallas, brings this *pro se* civil action. Named as defendants are: United States-Eastern District of Pennsylvania Office of Clerk, United States District Court; Joyce Ullman; Duane Morris; United States Marshal; and Rolex. Mr. Davis has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Davis leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice.

### I.    FACTUAL ALLEGATIONS

      The allegations in Mr. Davis's Complaint are sparse. He seeks "to become a confidential informant" so that he can assist the FBI, DEA, ATF, and United States Marshal to "indict people who need to be indicted." (Compl. at 3-4.)[1] As relief, Mr. Davis asks to be well-compensated for his work and to be given "a cellular phone, drugs, etc." "to help capture fugitive[s] on the run." (*Id.* at 3.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Mr. Davis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies. Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Because Mr. Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

Mr. Davis commenced this action by filing a form complaint for use in civil rights matters, listing several entities and an individual as Defendants. Liberally construing the Complaint, the Court concludes that it is frivolous. First, none of the named Defendants are alleged to have taken any act that injured Mr. Davis. Indeed, other than list them in the caption of the Complaint, Mr. Davis never mentions them again. More importantly, Mr. Davis's Complaint, which seeks the assistance of the Court in being hired as a well-compensated

---

[2] Because Mr. Davis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

confidential informant who assists the FBI, DEA, ATF, and United States Marshal in capturing fugitives on the run, simply lacks a basis in law and fact. (*See* Compl. at 3-4.) The Court has thoroughly reviewed Mr. Davis's filing and cannot discern any plausible basis for a non-frivolous claim upon which he could move forward.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Davis's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Leave to amend will not be given because any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows, which dismisses this case.

**BY THE COURT:**

_____
**GENE E.K. PRATTER, J.**